# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-51-TLS |
| | ) | |
| EDWIN CALLIGAN | ) | |

## OPINION AND ORDER

The Defendant, Edwin Calligan, is facing charges that (1) in June 2017, he illegally possessed a firearm, having previously been convicted of a felony, (2) from April to June 2017, he intentionally and knowingly imported a controlled substance (5F-ADB) from Hong Kong SAR, China, to the United States, and (3) in June 2017, he knowingly and intentionally attempted to commit an offense against the United States, namely the possession with intent to distribute a controlled substance. The Defendant has moved for the suppression of any physical evidence gathered pursuant to a search warrant from a particular address on Encino Drive, Fort Wayne, Indiana. The Defendant claims that the warrant, which was issued on June 16, 2017, was anticipatory and that, when the triggering condition—delivery of a target parcel containing contraband to the residence—did not occur, probable cause was lacking to enter the residence on June 20, 2017. Instead of contraband, the only substance law enforcement had fair probability to believe would be found inside the residence was the sham material that officials placed in the package to replace the drugs they removed.

This Court referred the matter to Magistrate Judge Paul R. Cherry to review the Motion and the Government's response, to conduct any and all necessary evidentiary hearings, to order additional briefing, and to issue a report and recommendation that included proposed findings of fact and recommendations for the disposition of the Defendant's Motion to Suppress. The

Magistrate Judge presided over an evidentiary hearing and received post-hearing briefs before issuing a Report and Recommendation [ECF No. 79].

In the June 28, 2018, Report and Recommendation, the Magistrate Judge concluded that the search warrant was not an anticipatory warrant, but that it contained facts providing probable cause to believe that the residence would presently contain evidence, fruits, and instrumentalities of drug offenses related to the importation of distribution amounts of the synthetic cannabinoid 5F-ADB. In sum, probable cause existed to support the search warrant without delivery of the target parcel containing the controlled substance. Accordingly, the Magistrate Judge recommended that the Court deny the Motion to Suppress.

On July 12, 2018, the Defendant filed his Objections to Findings, Report, and Recommendation. He objects to the conclusions that the search warrant was not intended to be an anticipatory warrant, and that the warrant was based on probable cause. He maintains that there was only minor evidence connecting the place to be searched with evidence of a crime absent the actual delivery of the contraband. He characterizes the search warrant affidavit as containing merely conclusory statements based on the agent's training and experience.

Also on July 12, 2018, the Government filed its Notice of No Objection to the Magistrate Judge's Findings, Report, and Recommendation [ECF No. 81]. The Government asks the Court to adopt Magistrate Judge Cherry's Findings, Report and Recommendation and deny the Defendant's Motion to Suppress. The Government asks the Court to rely on the prior filings in this case along with the transcript from the evidentiary hearing, standing by the arguments made in its Response [ECF No. 74]. Additionally, the Government asserts that, even if the search warrant was determined not to have been supported by probable cause, good faith

and the inevitable discovery doctrine would apply.

On July 23, 2018, the Defendant filed a Motion to Supplement Defendant's Objection to Findings, Report, and Recommendation [ECF No. 83], requesting to supplement his previous objections.[1] The Defendant highlights language in the affidavit stating that the warrant "will" be executed after the delivery of the Target Parcel, and argues that the agents did not "follow the directive that they set out and when they decided to serve the warrant without the triggering event occurring." (Mot. to Supplement 1.) The Defendant also compares his case to an anticipatory warrant case from the Eastern District of Tennessee, *United States v. Perkins*, 258 F. Supp. 3d 868, 879 (E.D. Tenn. 2017), where the court found that police officers violated the defendant's Fourth Amendment rights in executing the search of the defendant's residence when they failed to abide by the triggering event. Finally, the defendant requests that the objection be set for further evidentiary hearing.

The Court has reviewed the submissions, and finds that no evidentiary hearing is warranted. The Court adopts Magistrate Judge Cherry's Report and Recommendation.

## ANALYSIS

**A.    Standard of Review**

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. Parties have

---

[1] An identical submission was made on July 20, 2018 [ECF No. 82], but it was docketed as a supplement to the objection, rather than as a Motion to Supplement.

fourteen days to file "specific written objections" to a magistrate judge's report and recommendation on a motion to suppress evidence. Fed. R. Crim. P. 59(b)(2). If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court finds that the record before the Magistrate Judge is sufficient to allow this Court to make a de novo determination, where necessary. *See United States v. Raddatz*, 447 U.S. 667, 673–76 (1980) (holding that de novo review does not require a de novo evidentiary hearing). Although the Defendant has filed objections, and requested a hearing, he has not challenged the credibility of any of the witnesses, or identified any factual issues that would warrant a second evidentiary hearing. The Defendant's objections focus on the Magistrate Judge's conclusions regarding the legal implications of the undisputed facts. These undisputed facts include what information was presented in the search warrant affidavit, that the drugs in the target parcel scheduled for delivery to the Defendant at the Encino Drive residence were replaced with a legal substance, and that the warrant was executed after the delivery of the modified target parcel. The Court adopts and incorporates the facts as set forth in Report and Recommendation, and supplements the facts with evidence contained in the record where necessary to resolve the Defendant's objections.

**B.     The Search Warrant**

Before the Defendant would be entitled to suppress the evidence officers found at the Encino Drive residence upon execution of the search warrant, he would have to show that the warrant application did not contain facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime. *See United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006) (describing probable cause requirement for issuance of a search warrant). A warrant can also be issued as an "anticipatory warrant" which "is 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.'" *United States v. Elst*, 579 F.3d 740, 743 (7th Cir. 2009) (first quoting *United States v. Grubbs*, 547 U.S. 90, 94 (2006); then quoting 2 W. LaFave, *Search and Seizure* § 3.7(c), at 398 (4th ed. 2004)); *see also United States v. Dennis*, 115 F.3d 524, 528 (7th Cir. 1997) (noting that anticipatory warrants are issued "with the knowledge that contraband does not presently exist at the location to be searched" but with probable cause "to believe that contraband will be located at the premises to be searched after certain events transpire"). Here, the Defendant asserts that the warrant was anticipatory because there was no probable cause to enter the residence until a package containing contraband was delivered to the residence, and that this triggering condition never occurred because the contraband was removed from the package prior to its delivery. *See Dennis*, 115 F.3d at 528 (stating that "conditions precedent to the execution of an anticipatory warrant," such as delivery of contraband, "are integral to its validity"). He contends that the language of the affidavit itself reveals it to be anticipatory:

> While your Affiant believes there is currently sufficient probable cause for this issuance of this search warrant based on the aforementioned facts, it is the intention

> of your Affiant, working in connection with other law enforcement agents, to make a controlled delivery of the TARGET PARCEL containing the 5F-ADB. The TARGET PARCEL will be delivered to [XXXX] Encino Drive, Fort Wayne, Indiana 46816. The search warrant *will* be executed after the TARGET PARCEL has been delivered.

(Hr'g Tr., Ex. A at 14 (emphasis added).)

As stated above, the Magistrate Judge concluded that the June 16, 2017, search warrant was not an anticipatory warrant, and did not depend on some future event taking place. Although the Defendant disagrees with this conclusion, his objection does not challenge the Magistrate Judge's recitation of the facts. One undisputed finding is that Agent Jonathan Goehring, when completing the affidavit in support of the warrant, stated several times that he believed probable cause presently existed for the search warrant. He included this statement immediately prior to describing the controlled delivery that the Defendant maintains rendered the warrant anticipatory. This is distinguishable from the affidavit in the *Perkins* case that the Defendant relies upon. In that case, after describing a controlled hand delivery of narcotics to the defendant, the officer completing the affidavit wrote: "*If the above conditions are met*, your affiant and other agents/officers will execute this search warrant." *Perkins*, 258 F. Supp. 3d at 875 (emphasis added). Based on this condition, both parties agreed that the search warrant involved a triggering condition and was anticipatory. *Id.* at 872.

Despite Agent Goehring's statements regarding what he believed would presently be found inside the Encino Drive residence, the Defendant insists that Agent Goehring's testimony at the suppression hearing reveals that he "was not going to have the search warrant served unless the package went inside the residence because he was aware that the package being delivered prior to the service of the warrant had to occur to satisfy the directives as sworn in the

6

Application for the Search Warrant. The only event that supported probable cause to believe that evidence of controlled substances would be in the residence is the delivery of the TARGET PACKAGE containing the 5F-ADB." (Def.'s Objections 2, ECF No. 80.)

The Defendant's argument has several flaws. First, when Agent Goehring testified that officers were prepared to enter the house immediately after the delivery, assuming that the package went inside the house and not to a separate manufacturing facility or lab (Hr'g Tr. 37), he was speaking about the package that contained a sham substance made out of flour and brown sugar (*id.* at 32). His testimony was not in reference to a package containing 5F-ADB. Thus, it cannot reasonably be inferred from his testimony that he believed it was necessary for the package containing contraband to be delivered before the warrant could be served. Secondly, the whole of his testimony shows that he believed the search warrant was supported by probable cause even without delivery of the package. He specifically testified that if the package had gone to another location, officers would have followed it, but that he would have still executed the search warrant at the Encino Drive address looking for the other items he believed would be there pursuant to the search warrant. (Hr'g Tr. 38.)

As the Magistrate Judge noted, the agent's statements within the affidavit reveal that he did not intend to seek an anticipatory warrant, and nothing about his testimony, or the explanation of the timing of the execution of the warrant, suggests otherwise. The Magistrate Judge also correctly noted that it is the Court, and not the government agent that determines whether probable cause exists to issue a warrant. On that point, the Report and Recommendation thoroughly addresses the contents of the affidavit to conclude that it contained sufficient facts to find that probable cause supported the search of the Encino Drive residence, independent of the

delivery of the actual drugs.

The Defendant complains that the search warrant affidavit contains merely conclusory statements based on the agent's training and experience. But that argument discounts the specific activity involving the Defendant and the Encino Drive residence that is set forth in the affidavit. True, the agent discusses his knowledge of the manufacture, traffic, use, and effects of smokable synthetic cannabinoid products, including those specific to 5F-ADB. He also sets out his knowledge of the practices of the importation and distribution of controlled substances, all of which was appropriate for the magistrate judge to consider when granting the warrant application. *See United States v. Orozco*, 576 F.3d 745, 749 (7th Cir. 2009) (noting the general rule "that a magistrate evaluating a warrant application is entitled to take an officer's experience into account in determining whether probable cause exists").

Agent Goehring also details the series of events that connected the importation of 5F-ADB to the Defendant and the Encino Drive address. On May 31, 2017, a parcel containing contraband from a suspected shipper of large quantities of synthetic drugs entered the United States. It contained the name of the shipper, the address of the shipper, the manifest of the parcel, and the declared value of the parcel. Identical information was used again in early June 2017 on a separate package addressed to the Defendant at the Encino Drive address. The June 2017 package was found to contain about one kilogram of 5F-ADB, which was capable of making 100 kilograms of finished product. The agent outlined additional information linking the Defendant to the Encino Drive address. He also advised that the Defendant had received about 58 international parcels from 2015 through June 2017, with most of them being delivered to the Encino Drive address. In the six weeks prior to submitting the affidavit, four international

8

shipments were addressed to the Defendant at the Encino Drive residence.

The "central teaching of [Supreme Court] decisions bearing on the probable cause standard is that it is a 'practical, nontechnical conception.'" *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). The affidavit in this case contained information supporting a probable cause determination that the Defendant was involved in criminal activity (i.e., the receipt of distribution quantity of synthetic controlled substances through international shipments), and that a portion of this activity took place inside the Encino Drive residence. Morever, the activity was recent and ongoing, with the Defendant receiving international packages dating back to 2015. The activity was also large scale. The parcel scheduled for delivery in June contained a sufficient amount of 5F-ADB to manufacture 100 kilograms of synthetic drug. Thus, it was reasonable to believe that evidence of this criminal activity would be presently located at the residence—even if the most recent shipment of 5F-ADB was not yet there. These would include many items other than the controlled substance itself. For example, as stated in Attachment B to the warrant, paper or electronic records related to the distribution of controlled substances, contact identification data related to distribution of controlled substances, money or financial records indicative of drug distribution, items of personal property tending to identify residency, firearms, communication devices, packaging or manufacturing paraphernalia, and shipping documentation indicating the shipment of parcels to and from Indiana or Hong Kong. "[A]n affidavit need only contain facts that, given the nature of the evidence sought and the crime alleged, allow for a reasonable inference that there is a fair probability that evidence will be found in a particular place." *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010). The affidavit here satisfied that requirement.

For these reasons, the Court accepts the Magistrate Judge's conclusion that the search of the Encino Drive residence was undertaken pursuant to a valid search warrant and did not violate the Defendant's Fourth Amendment rights. Accordingly, the Motion to Suppress is denied.

## CONCLUSION

The Court, having considered all of the Defendant's arguments, GRANTS the Motion to Supplement [ECF No. 83]. For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECF No. 79], and DENIES the Motion to Suppress [ECF No. 53]. A separate scheduling order will be issued.

SO ORDERED on July 30, 2018.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT