UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-51-TLS |
| | ) | |
| EDWIN CALLIGAN | ) | |

**OPINION AND ORDER**

The Defendant, Edwin Calligan, is facing charges that he illegally possessed a firearm, that he intentionally and knowingly imported a controlled substance (5F-ADB) from Hong Kong SAR, China, to the United States, and that he knowingly and intentionally attempted to commit an offense against the United States, namely the possession with intent to distribute a controlled substance.

On January 29, 2018, the Defendant moved for the suppression of any physical evidence gathered pursuant to a search warrant from a particular address in Fort Wayne, Indiana. The Defendant's Motion was dependent on the Court agreeing with his assertion that a search warrant issued on June 16, 2017, was anticipatory and, that without a triggering event, did not provide facts that allowed for a reasonable inference that there was a fair probability that evidence would be found inside the home. Upon referral from this Court, a Magistrate Judge concluded that the search warrant was not an anticipatory warrant, but that it contained facts providing probable cause to believe that the residence would presently contain evidence, fruits, and instrumentalities of drug offenses related to the importation of distribution amounts of the a synthetic cannabinoid.

In a ten-page Opinion and Order [ECF No. 84] issued on July 30, 2018, the Court addressed the Defendant's objections to the Magistrate Judge's Report and Recommendation.

The Court agreed with the Magistrate Judge's conclusion that the search of the Defendant's residence was undertaken pursuant to a valid search warrant, and did not violate the Defendant's Fourth Amendment rights. Accordingly, the Motion to Suppress was denied.

On August 10, 2018, the Defendant filed a Motion for Reconsideration and/or Certification for Interlocutory Appeal [ECF No. 89]. The Court has already considered all of the Defendants arguments, and he does not present any new materials. Rather, in support of his Motion for Reconsideration, the Defendant moves "to incorporate all prior pleadings and arguments into his pleading." (Mot. ¶ 2.) The Defendant's sole basis for reconsideration is that "[i]t is the purview of the Court to ascertain when probable cause exists" and that the Court "placed some weight on the Agent's statement in the Application for Search Warrant that he believed probable cause existed." (Mot. ¶ 1.) The Court does not take issue with either of these statements—in isolation. The implication of the argument, however, is that the Court, when it determined that the warrant application contained sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime, it did so, at least partly, because that is what the agent believed. When the Court's statements are considered in the context of the entire Opinion and Order, this assertion is revealed to have no merit.

The Court's notation about the agent's stated belief about probable cause goes directly to the Defendant's argument that the agent *intended* the search warrant to be anticipatory. Obviously, the agent's own statements are a good indication of his intentions. Here, those statements revealed that the agent did not intend to seek an anticipatory warrant.

Additionally, the Court's Opinion is clear in acknowledging that it is the Court, and not

the government agent, that determines whether probable cause exists to issue a warrant. The Report and Recommendation thoroughly addressed the contents of the affidavit to conclude that it contained sufficient facts to find that probable cause supported the search of the Encino Drive residence. In its Opinion and Order, the Court reiterated these points, and addressed the Defendant's argument that the search warrant affidavit contained merely conclusory statements based on the agent's training and experience.

The Defendant asks that if the Court will not reconsider its Opinion and Order, that it certify the matter for an interlocutory appeal. The jurisdiction of the Courts of Appeals is limited to "final decisions of the district court." 28 U.S.C. § 1291. It has long been settled law "that a defendant may not take an interlocutory appeal from an order denying a motion to suppress evidence." *United States v. Calandra*, 706 F.2d 225, 227 (7th Cir. 1983); *United States v. Dorfman*, 690 F.2d 1217, 1222 (7th Cir. 1982) (noting that "[s]uch orders are not final and appealable until judgment has been entered on the verdict"). *See also United States v. Davis*, 1 F.3d 606, 607 (7th Cir. 1993) ("The requirement of finality reflects a strong policy against piecemeal review, a policy particularly important in the context of criminal actions where the delays and disruptions of interlocutory appeals are especially troublesome.").

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Reconsideration and/or Certification for Interlocutory Appeal [ECF No. 89].

SO ORDERED on August 20, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT