**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-51-TLS |
| | ) | |
| EDWIN CALLIGAN | ) | |

**OPINION AND ORDER**

The Defendant, Edwin Calligan, is facing charges that he illegally possessed a firearm, that he intentionally and knowingly imported a controlled substance (5F-ADB) from Hong Kong SAR, China, to the United States, and that he knowingly and intentionally attempted to commit an offense against the United States, namely the possession with intent to distribute a controlled substance. Some of the evidence that the Government will use to prove these charges was obtained pursuant to a search warrant issued on June 16, 2017, and executed on June 20, 2017. The Defendant has filed a Motion to Suppress Physical Evidence [ECF No. 94], requesting that the Court suppress all evidence seized by law enforcement agents during execution of the search warrant, because the warrant was executed as a no knock search warrant. The Defendant asks that the Court set an evidentiary hearing.

The Government, in a Response [ECF No. 95] filed on October 2, 2018, maintains that no evidentiary hearing is required because, even if the Defendant's allegations are true—that the officers knocked twice but did not identify themselves or state their intention before they forced their way into the residence—suppression of the evidence seized as a result of the search is not a recognized remedy.

**ANALYSIS**

Evidentiary hearings to resolve motions to suppress are not automatically required. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). Rather, a court need only conduct a hearing "'when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *Id.* (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)).

Here, there are no facts in dispute that would impact the outcome of the Defendant's Motion to Suppress Evidence. The United States Supreme Court has held that a violation of the requirement that police officers knock-and-announce their presence before executing a search warrant does not require the suppression of the evidence found in the search because the interests violated have nothing to do with the seizure of the evidence. *Hudson v. Michigan*, 547 U.S. 586, 594 (2006) (holding that the exclusionary rule was inapplicable because the knock-and-announce rule has never protected "one's interest in preventing the government from seeing or taking evidence described in a warrant"). Even before the Supreme Court ruling, Seventh Circuit precedent would have dictated the same conclusion and foreclosed the Defendant's request. *See United States v. Sutton*, 336 F.3d 550, 552 (7th Cir. 2003) ("Even assuming that the . . . police officers failed to comply fully with the knock-and-announce rule, the remedial path Sutton seeks is foreclosed by this Circuit's precedent: after our decision in *United States v. Langford*, suppression of evidence obtained as a result of a search subsequent to a knock-and-announce violation is not available as a remedy.") (citing *Langford*, 314 F.3d 892, 894 (7th Cir. 2002)). In *Langford*, the Seventh Circuit held that "violation of the rule does not authorize exclusion of

evidence seized pursuant to the ensuing search" because, under the inevitable-discovery doctrine, "it is hard to understand how the discovery of evidence inside a house could be anything but 'inevitable' once the police arrive with a warrant." *Id.* (quoting *United States v. Jones*, 149 F.3d 715, 716–17 (7th Cir. 1998)).

Accordingly, binding precedent forecloses the Defendant's request for suppression, and none of the assertions in the Defendant's Motion require an evidentiary hearing.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Suppress Physical Evidence [ECF No. 94] is DENIED. The In-Person Final Pretrial Conference set for October 30, 2018, at 1:00 PM before Magistrate Judge Paul Cherry, and the Trial set to begin on November 13, 2018, at 9:00 AM before Chief Judge Theresa L. Springmann are confirmed.

SO ORDERED on October 9, 2018.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT