# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-CR-51-HAB |
| | ) | |
| EDWIN CALLIGAN | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's multiple filings (ECF Nos. 134, 135, 137) objecting to Magistrate Judge Susan Collins' Report and Recommendation (ECF No. 132) issued on October 28, 2019, which recommended that this Court deny Defendant's Motion to Suppress Physical Evidence. (ECF No. 128). The Government filed its Notice of No Objection to the Magistrate Judge's Findings, Report, and Recommendation and Response to Defendant's Objections (ECF No. 138) on December 5, 2019, and Defendant filed his reply (ECF No. 139) on December 11, 2019. Defendant's objections are now ripe for determination.

**I.     Factual Background**

The basic facts of this case are not in dispute. On May 31, 2017, United States Custom and Border Protection ("CBP") seized a parcel from an address in Hong Kong containing approximately 100 grams of fentanyl analogues. CBP had identified a second package from the same address, and with the same declared contents and value, being shipped to Defendant at 4218 Encino Drive, Fort Wayne, IN 46816 (the "Target Package").

On June 12, 2017, CBP searched the Target Package addressed to Defendant and discovered a clear plastic bag containing approximately 1 kilogram of 5F-ADB, a Schedule I controlled substance used to manufacture synthetic marijuana. When applied to an organic compound, that quantity of 5F-ADB could produce approximately 100 kilograms (220 pounds) of

synthetic marijuana. While many substances can be used to make synthetic marijuana, 5F-ADB is one of the most potent.

This was not the only international package sent to Defendant. Defendant received approximately 58 international packages from 2015 through June 2017. Most of those shipments were sent to the Encino Drive address, but at least one was sent to Defendant's mother's home. Although the existence of these packages is noted in the affidavit attached to the Application for Search Warrant (the "Affidavit"), the Affidavit contains no information regarding the sender of the packages, descriptions of the packages, or lists of their contents.

According to the Affidavit, the plan was to deliver the Target Package containing the 5F-ADB to Defendant and then execute the search warrant. However, at some point between the issuance of the warrant and its execution, the decision was made to remove the controlled substance from the Target Package and replace it with a sham substance. The application for the search warrant was never updated with this information. In addition, the return on the search warrant indicated that the 5F-ADB was recovered from the Encino Drive residence, which was necessarily false given that the controlled substance was removed prior to delivery.

## II. Legal Analysis

### A. *Standard of Review*

When reviewing an objection to a magistrate judge's recommendation, the Court is obliged to analyze the recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C). Thus, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. In other words, the Court's *de novo* review of Magistrate Collins' Report and Recommendation is not limited to her legal analysis alone; rather, the Court may also review her factual findings, and accept, reject, or modify those findings as it sees fit based upon the evidence. *Id*.

Generalized objections, absent specific legal authority, do not invoke the district court's obligation to perform a de novo review of a magistrate judge's decision: "De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." *Banta Corp. v. Hunter Publ'g Ltd.*, 915 F. Supp. 80, 81 (E.D. Wis. 1995). "[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice." *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D. Wis. 1988); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that "[s]ection 636(b)(1)(C) . . . does not on its face require any review at all . . . of any issue that is not the subject of an objection").

**B.**     *Defendant's Objections*

1.     Reliance on Information Outside the Affidavit

Relying on *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002), Defendant first objects to the Magistrate's reliance on information from outside of the Affidavit, specifically prior rulings from this Court on Defendant's previous motions to suppress, in determining that Defendant was not entitled to a *Franks* hearing. Defendant asserts that the Magistrate was bound to look "only to the Defendant's motion and the affidavit as filed with the Court." (ECF No. 137 at 1). While this issue is ultimately irrelevant to the ruling on Defendant's objections, this Court disagrees.

Initially, *Koerth* does not deal with a *Franks* issue at all. Instead, the issue there was whether conclusory statements in an affidavit could provide probable cause for the issuance of a warrant. *Koerth*, 312 F.3d at 865–68. *Koerth*, then, does little to inform this Court's decision.

In *United State v. McMurtrey*, 704 F.3d 502 (7th Cir. 2013), another case relied upon by Defendant, the Seventh Circuit discussed the scope of a district court's review in determining whether a *Franks* hearing is required.

> A district court that is in doubt about whether to hold a *Franks* hearing has discretion to hold a so-called "pre-*Franks*" hearing to give the defendant an opportunity to supplement or elaborate on the original motion. Though permissible, this procedural improvisation is not without risk, as the sparse case law indicates. In such a pre-*Franks* hearing, the natural temptation for the court will be to invite and consider a response from the government. However, the court should not give the government an opportunity to present its evidence on the validity of the warrant without converting the hearing into a full evidentiary *Franks* hearing, including full cross-examination of government witnesses.

*Id*. at 504. This language does indicate that evidence provided by the Government in opposition to the *Franks* request should not be accepted without hearing. However, *McMurtrey* does not require a hearing in this case, nor does it indicate that the Magistrate's consideration of the procedural history of this case was flawed.

As the Government notes, Defendant has already had an evidentiary hearing in this case, at which he had the opportunity to cross-examine the Government's witnesses as to the veracity of the Affidavit. While the earlier hearing may not have been a *Franks* hearing, there is nothing untoward in considering evidence from that hearing in ruling on Defendant's request for a *Franks* hearing now. *See*, *e.g.*, *United States v. McDonald*, 723 F.2d 1288, 1293–94 (7th Cir. 1983) (considering evidence from a prior suppression hearing in evaluating the necessity of a *Franks* hearing). Indeed, Defendant does not identify any additional areas of cross-examination he wishes to pursue at a *Franks* hearing that he did not already cover in the prior evidentiary hearing. This Court finds no support for the idea that Defendant is entitled to another hearing to cover the same ground, or that the Court is barred from considering evidence from the prior hearing in determining the instant issue.

2.  Existence of Probable Cause

To obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing" of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth. *McMurtrey*, 704 F.3d at 508. This is a burden of production. Proof by a preponderance of the evidence is not required until the *Franks* hearing itself. *Id.* at 509.

Defendant's remaining objections are focused mainly on the first element, and specifically the Magistrate's finding that the identified omissions from the Affidavit would not affect the probable cause determination. Defendant argues most forcefully in the context of the omission of information regarding the prior international shipments. According to Defendant, the Affidavit used the prior 58 shipments in place of any real investigation, which is ultimately fatal to the warrant because those shipments in and of themselves do not create probable cause.

The ultimate flaw in Defendant's argument is the existence of, and circumstances surrounding, the Target Package. The Target Package was sent from an address known to have shipped at least one other package containing a controlled substance, with the same description and declared value as the other illegal shipment. The 5F-ADB was disguised as dog food. The amount of 5F-ADB was enough to make approximately 100 kilograms[1] of synthetic marijuana. The Court finds that these circumstances, taken together, were sufficient to form probable cause for the issuance of the warrant.

---

[1] Defendant challenges this calculation, noting that the agent who completed the Affidavit testified at the prior evidentiary hearing that one kilogram of 5F-ADB could produce anywhere from 200 to 500 pounds of synthetic marijuana. According to Defendant, the amount suggested in the hearing testimony is "more than double his prior estimation," indicating that the agent "isn't clear on and doesn't give an exact basis of his information either in the affidavit or the hearing." (ECF No. 137 at 5). One hundred kilograms is approximately 220 pounds, a number within the range testified to by the agent at the hearing. While the hearing testimony is certainly less exact than the information in the Affidavit, the two are not contradictory.

Defendant first argues that "[t]here is no evidence or decision cited by the Court or the government that the quantity alone is enough to support a finding of distribution." (ECF No. 137 at 5). Whether or not the Magistrate cited the cases, Seventh Circuit jurisprudence is clear that quantity can form the basis for a finding of distribution. *See*, *e.g.*, *United States v. Fleming*, 677 F.2d 602, 609 (7th Cir. 1982) (defendant's possession of 227 grams of cocaine sufficient to support conviction under 21 U.S.C. § 841(a)(1)); *United States v. Washington*, 586 F.2d 1147, 1152–53 (7th Cir. 1978) (possession of intercepted package originally containing 1,964 grams of cocaine sufficient to support conviction for possession with intent to distribute). It seems perfectly obvious that a base capable of producing 200+ pounds of any controlled substance would not be a personal use amount, and Defendant does not suggest otherwise.

It is the amount of controlled substance that separates this case from the authorities relied upon by Defendant. Defendant cites to *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016) and *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006), but those cases involved either paraphernalia alone, *Abernathy*, 843 F.3d at 251, or a small amount of controlled substances, *McPhearson*, 469 F.3d at 520. Neither case stands for the proposition, or even suggests, that the amounts involved in this case cannot support a finding of probable cause.

The other circumstances surrounding the Target Package further support a finding of probable cause. The Target Package did not come from an unknown sender but was instead shipped from an address known to be used by an exporter of controlled substances. *See United States v. Dennis*, 115 F.3d 524, 530 (7th Cir. 1997) (citing *United States v. Garcia*, 882 F.2d 699, 704 (2nd Cir. 1989)). The identity of the substance shipped was concealed, both in the customs documents and the manner in which the 5F-ADB was packaged. *Dennis*, 115 F.3d at 530 (citing *United States v. Lawson*, 999 F.2d 985, 988 (6th Cir. 1993)). Furthermore, the amount of 5F-ADB was simply

6

too much to have either been sent, or ordered, on a whim. *Id*. The Court concludes that the totality of the circumstances contained in the warrant could lead a reasonably prudent person to conclude that a search of the Encino Drive residence would uncover evidence of a crime. *United States v. Featherly*, 846 F.3d 237, 240 (7th Cir. 2017).

In light of this finding, Defendant's objections to the specific omissions in the Affidavit are moot. Since the Target Package was sufficient to support a finding of probable cause, the omitted information regarding the other packages is not significant to the finding of probable cause[2]. Similarly, while the Court would have preferred that an updated affidavit been submitted once the decision to replace the 5F-ADB with the sham substance was made, the Court cannot conclude that the omission would have had any bearing on the probable cause determination. The facts that Defendant was receiving a trafficking amount of drugs, from a known drug trafficker, under circumstances that suggest drug trafficking, are sufficient to overcome any missteps that law enforcement may have made.

**III.  Conclusion**

For the reasons stated above, the Court ADOPTS the Report and Recommendation (ECF No. 132), OVERRULES the Defendant's Objections (ECF Nos. 134, 135, 137), and DENIES the Motion Suppress to Suppress Physical Evidence (ECF No. 128).

SO ORDERED on December 16, 2019.

       s/ Holly A. Brady
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT

---

[2] Indeed, as the Magistrate noted, the omitted information would have supported the finding of probable cause, not defeated it. (ECF No. 132 at 15–16).