# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 1:17-CR-51-HAB |
| | ) | |
| EDWIN CALLIGAN | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Government's Motion in Limine (ECF No. 154), filed on December 30, 2019. The Motion seeks an order in limine barring the Defendant from presenting evidence or argument in three areas: (1) Defendant's potential penalties; (2) investigative steps or actions not taken by the Government; and (3) the definition of reasonable doubt. The first and third areas are common subjects of limine orders, and the Motion will be granted with respect to those areas for the reasons set forth in the Government's Motion.

District courts may rule on motions in limine pursuant to their authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District judges have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded only when inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Otherwise, rulings should be deferred to the time of trial to make possible the resolution of questions of relevancy, foundation, and potential prejudice. *Id*. A denied motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id*. at 1401. In fact, trial judges are free to alter previous in limine rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41–42.

The party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). Accordingly, a motion that fails to identify specific evidence sought to be excluded fails to properly raise the issue of admissibility pre-trial. *United States v. Marr*, 760 F.3d 733, 740 (7th Cir. 2014).

With respect to the second area included in the Motion in Limine, the Government relies entirely on case law from outside the Seventh Circuit, none of which was decided in the context of a motion in limine. The Government's authorities address specific lines of questioning or evidence, often with the admissibility decision being made after an offer of proof. *See*, *e.g.*, *United States v. McVeigh*, 153 F.3d 1166, 1188–92 (10th Cir. 1998) (evidence of alternative perpetrators excluded following an offer of proof); *United States v. Zaccaria*, 240 F.3d 75, 80–81 (1st Cir. 2001) (questioning about use of polygraph tests excluded following an offer of proof). Therefore, in each of the cases relied upon by the Government, the Court had the ability to review specific pieces of evidence or lines of inquiry in the context of the trial when it made the admissibility determination.

The Government's Motion fails to provide the Court with the kind of specificity or context present in its authorities. Instead, the Government broadly asks the Court to bar the Defendant from inquiring as to whether "there was something more the government could have done to investigate the case." (ECF No. 154 at 2). This request "is too broad and itself says nothing about the relevance of the proffered evidence." *United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001). Moreover, as the Government's own authorities establish, "the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant." *McVeigh*, 153 F.3d at

1192. The Court cannot say, then, that evidence pertaining to the Government's investigation is not admissible for any purpose, and the Motion in Limine with respect to such evidence must be denied.

This is not to say that the Court intends on permitting a fishing expedition into any and all alleged missteps in the Government's investigation. The Government is correct in stating that the jury will not be tasked with determining whether the investigation in this case was good or bad. *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994). However, the Court will withhold ruling on the admissibility of any specific evidence or line of questioning until such time as it becomes necessary in the course of the trial.

For the foregoing reasons, the Court GRANTS the Government's Motion in Limine (ECF No. 154) with respect to items 1 and 3. The Court DENIES the Government's Motion in Limine with respect to item 2.

SO ORDERED on January 7, 2020.

                                                   s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT